**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

|  |  |
|---|---|
| United States of America, and the States of California, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Louisiana, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Virginia, Wisconsin, the District of Columbia, and the city of Chicago *ex rel.* Frank Kurnik | **CA No.**: **3:11-cv-01464-JFA** |
| Plaintiffs, | |
| vs. | **FILED *EX PARTE* AND UNDER SEAL** |
| Amgen, Inc., Omnicare, Inc., Pharmerica Corp., and Kindred Healthcare Inc. | |
| Defendants. | |

**UNITED STATES' MOTION TO**
**EXTEND THE SEAL PERIOD AND FOR A PARTIAL LIFT OF THE SEAL**

This case is a *qui tam* law suit against a large pharmaceutical company alleging the company violated the False Claims Act, the Anti-Kickback statute and other laws. Pursuant to the False Claims Act, as amended, 31 U.S.C. § 3730(b)(3), the United States of America, respectfully makes this *Ex Parte* Application for a nine (9) month extension of time up to and including May 22, 2012, in which to notify the Court of

its decision whether to intervene in the above-captioned False Claims Act case. This is the first extension request that the United States has made.

The United States also respectfully applies for a partial lifting of the seal in this action to allow it to disclose the Complaint, when in its discretion it is appropriate, to (1) employees of the State of South Carolina who are charged with investigating or prosecuting Medicaid fraud; (2) the defendants and their attorneys; (3) any employees or agents that the defendants deem necessary for the defense of this case; (4) to persons the United States deems necessary to the investigation of the case (5) to expert witnesses;(6) should mediation become necessary, to a mediator and mediator's staff; and (7) relator and relator's counsel in other *qui tams* against the same defendants.

Counsel for the relator consents to these requests. As this case is still under seal, the defendants are unaware of the lawsuit and their consent was not sought.

### **UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO EXTEND THE SEAL PERIOD AND FOR A PARTIALLIFT OF THE SEAL**

### **PROCEDURAL HISTORY**

This is an action under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b), as amended (the "FCA"), brought by Frank Kurnik (the "Relator"), on behalf of the United States. The FCA provides that a *qui tam* Complaint shall be filed *in camera* and remain under seal for 60-days and during any extensions of that time granted by the Court while the government investigates the allegations and

determines whether to intervene and prosecute the action. The 60-day seal period commences from the date of service of a copy of the Complaint and statement of material information upon both the Attorney General and the United States Attorney, whichever is later. *See* 31 U.S.C. § 3730(b)(2). This action was filed on June 14, 2011. The Attorney General and the United States Attorney were served on June 21, 2011. Accordingly, the United States currently has at least until August 22, 2011[1], to decide whether or not to intervene in this action.

## **FACTUAL BACKGROUND**

In his complaint, the Relator alleges that the Defendants committed numerous FCA violations. The Relator alleges that the Defendant, Amgen, violated the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), by providing rebates and other financial incentives to long term care pharmacies, including Defendants, Omnicare, PharMerica and Kindred, to induce physicians to switch patients from the drug Procrit to Aranesp. The Relator further alleges that Amgen violated the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b) and the Stark Law, 42 U.S.C. § 1395nn and 42 C.F.R. § 411.350 *et seq*., by paying physicians, nurses, and other healthcare professionals to promote and prescribe Aranesp for on-label and off-label uses. Amgen, systematically engaged in

---

[1] The expiration of 60-days falls on August 20, 2011 which is a Saturday. Accordingly, the government is requesting the deadline fall on the following Monday, August 22, 2011.

illegal misbranding, including off-label marketing, of Aranesp in violation of the of the Food and Drug and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 331-(a)-(b), 352(a), (f). Amgen was able to further its unlawful marketing of Aranesp through violations of continuing medical education rules and regulations by controlling physician speaker programs. As a result of the Defendants' actions, Relator alleges that tens of thousands of false claims were submitted to Medicare, Medicaid, TRICARE, Department of Defense Agencies, Veterans Affairs, and the Federal Employees Health Benefits Program ("Government Healthcare Programs") for Aranesp prescriptions that were not covered for off-label uses and were ineligible for payment due to violations of the Anti-Kick Statute, Stark Law, and FDCA. Relator alleges that these claims were submitted in violation of the FCA. 31 U.S.C. § 3729.

## **DISCUSSION**

### A.     **Good Cause Exists for an Extension of Time**

The legislative history of the False Claims Act's *qui tam* provisions makes it clear that a *qui tam* complaint is kept under seal to allow the government to pursue its inquiries into the relator's allegations, "fully evaluate" the evidence, and determine whether or not to intervene:

> Keeping the *qui tam* complaint under seal . . . is intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already

investigating and whether it is in the Government's interest to intervene and take over the civil action.

S. Rep. No. 99-345, 99th Cong. 2nd Sess. 24 (1986), reprinted in 1986 U.S. Code Cong. & Admin. News 5266, 5289. The legislative history also notes that the *qui tam* seal allows the government "an opportunity to study and evaluate" fraud allegations. *Id. See also U.S. ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998-99 (2d Cir. 1995) (seal may protect defendant).

In order to adequately investigate and evaluate the fraud allegations contained in a *qui tam* complaint and to be able to reach an informed decision about whether to take over the prosecution of the case, the FCA permits the United States to apply for extensions of the seal period for "good cause" shown. *See* 31 U.S.C. §§ 3730(b)(2) & (b)(3). The United States has been diligently investigating the case so far but requires an additional nine (9) months in order to fully evaluate the Relator's allegations and make an informed determination about intervening in the case. It has reviewed the complaint and disclosure schedule, and assembled an investigative team and it has interviewed the relator. It also plans to interview the relator a second time. The relator lives in Nevada and travel plans are being made. The United States has made progress but will need additional time in order to make a decision on whether to intervene in this case. Among other things, the United States will need to procure and analyze claims data from the affected government agencies to determine if the

data supports the Relator's allegations.  The United States will also need to locate and interview potential witnesses.  It will also need to obtain  records and documents the defendants.  Therefore, good cause exists for the requested extension of time.

**B.      A Partial Lift of the Seal is Appropriate**

The United States also seeks a partial lifting of the seal in order to allow the undersigned, at his or her discretion,  to reveal the *qui tam* to (1) employees of the State of South Carolina who are charged with investigating or prosecuting Medicaid fraud; (2) the defendants and their attorneys; (3) any employees or agents that the defendants deem necessary for the defense of this case; (4) to persons the United States deems necessary to the investigation of the case; (5) to expert witnesses; (6) should mediation become necessary, to a mediator and mediator's staff; and  (7) relator and relator's counsel in other *qui tams* against the same defendants.

Except for the requested partial seal lift, the Complaint and all filings in this action should otherwise remain under seal during the extension period.  *Qui tam* complaints are filed under seal so that the government can investigate the relator's allegations and determine whether the government should intervene and take over the civil action.  This same reasoning supports the continuing need to keep this case sealed during the requested extension period, except as specifically requested by the accompanying motion.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that its *Ex Parte* Application for a nine (9) month extension of time to consider election to intervene and a partial lifting of the seal be granted.

A proposed order is submitted for the Court's consideration.

Respectfully submitted,

WILLIAM N. NETTLES
United States Attorney
District of South Carolina


By:    S/ Fran Trapp
       FRANCES C. TRAPP (#6376)
       JAMES C. LEVENTIS, JR. (#9406)
       Assistant United States Attorneys
       1441 Main Street, Suite 500
       Columbia, S.C. 29201
       Telephone (803) 929-3058
       Attorneys for the United States of America

August 8, 2011