UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. FRANK KURNIK, et al., | ) ) ) | |
| Plaintiffs, | ) ) | C/A No. 3:11-cv-01464-JFA |
| v. | ) ) ) | |
| OMNICARE INC., PHARMERICA CORP., and KINDRED HEALTHCARE INC. | ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

The United States has elected to intervene against Defendant Omnicare, Inc., and to not intervene against Defendants Pharmerica, Corp. and Kindred Healthcare, Inc.[1] in this action. The court, therefore, orders as follows:

1. The relator's complaint, any amended complaints, the United States' Notice of Election to Intervene in Part for the Purpose of Settlement and Notice of Election to Decline to Intervene in Part (ECF No. 53), and this Order, all be unsealed;

2. The relator shall serve its complaint upon Defendants PharMerica, Corp. and Kindred Healthcare, Inc.;

---

[1] When the United States notified the court of its election not to intervene against Defendants Pharmerica, Corp. and Kindred Healthcare, Inc., the United States requested that this court order that the United States "is entitled to intervene in that part of the action, for good cause, at any time." However, the relevant statute provides for no such entitlement. Pursuant to 31 U.S.C.A. § 3730(c)(3), "the court, without limiting the status and rights of the person initiating the action, may nevertheless permit the Government to intervene at a later date upon a showing of good cause."

3. The United States shall serve the complaint, and any amended complaint, upon Defendant Omnicare, Inc., or file a notice of dismissal of claims against Defendant Omnicare, within 75 days of the date of this Order;

4. All other papers or orders on file in this matter shall remain under seal for the time being. HOWEVER, the United States is instructed to submit additional briefing, citing to the law mentioned in its Notice of Intervention (ECF No. 53, p.1) that keeps those documents permanently under seal, within 30 days of the date of this Order. If no such submission is made, all papers and orders on file in this matter will be unsealed;

5. The seal is lifted on all other matters occurring in this action after the date of this Order;

6. Pursuant to 31 U.S.C. § 3730(c)(3), "[i]f the Government so requests, it shall be served with copies of all pleadings filed in the action and shall be supplied with copies of all deposition transcripts (at the Government's expense)." The United States has requested that it be served with copies of all pleadings filed in this action.[2] Therefore, the court orders the parties to serve all pleadings filed in this action upon the United States; and

7. Pursuant to 31 U.S.C. § 3730 (b)(1), this "action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."

IT IS SO ORDERED.

November 26, 2013                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                             United States District Judge

---

[2] The United States also requested that all orders of the court, all notices of appeal, and all motions and supporting memoranda be served upon the United States. The United States pointed to no authority requiring service of these documents upon the United States, and the court declines to impose these additional burdens on the parties where the United States has declined to intervene. The court is amenable to the submission of any supplemental authority the United States may provide to support these requests.