<u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General ("OIG-HHS") of the Department of Health and Human Services ("HHS"); the Defense Health Agency ("DHA") for the TRICARE program, through its General Counsel; the Office of Personnel Management ("OPM"), which administers the Federal Employees Health Benefits Program ("FEHBP") (collectively the "United States"), Omnicare, Inc. ("Omnicare"), and Frank Kurnik (hereafter collectively referred to as "the Parties") through their authorized representatives.

<u>RECITALS</u>

A. At all relevant times, Omnicare, Inc. was a Delaware corporation with its principal place of business in Covington, Kentucky. Omnicare is currently the largest provider of pharmacy services to long-term care facilities in the United States, operating in 47 states and the District of Columbia.

B. On June 14, 2011, Frank Kurnik filed a *qui tam* action in the United States District Court for the District of South Carolina captioned *United States et al., ex rel. Frank Kurnik v. Amgen, Inc., et al.*, Civil Action No. 3:11-cv-01464-JFA, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Civil Action").

C. Omnicare will be entering into separate settlement agreements (hereinafter referred to as the "Medicaid State Settlement Agreements") with certain States, Commonwealths, and the District of Columbia in settlement of the Covered Conduct, as defined in Paragraph E, below. States with which Omnicare executes a Medicaid State Settlement Agreement in the form to which Omnicare and the National Association of

Medicaid Fraud Control Units ("NAMFCU") Negotiating Team have agreed, or in a form otherwise agreed to by Omnicare and an individual State, shall be defined as "Medicaid Participating States."

D. The United States contends that Omnicare submitted or caused to be submitted claims for payment to the Medicare Program ("Medicare"), Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1; the Medicaid Program ("Medicaid"), 42 U.S.C. §§ 1396-1396w-5; the TRICARE Program, 10 U.S.C. §§ 1071-1110a, and the FEHBP, 5 U.S.C. §§ 8901-8914.

E. The United States contends that it has certain civil claims against Omnicare relating to the following conduct (hereinafter referred to as the "Covered Conduct"). From the period between September 1, 2003 through June 30, 2005, the United States alleges that Omnicare solicited and received remuneration from Amgen Inc. in the form of purported discounts, purported market-share rebates, grants, honoraria, speaker fees, consulting services, dinners, travel, or fees for the purchase of data, and that this remuneration was solicited and received in exchange for Omnicare's influencing of health care providers' selection and utilization of Aranesp within long-term care settings, and for implementing "Therapeutic Interchange" programs (also known as "switching" programs) intended to identify patients who were taking a competitor drug and to switch those patients to Aranesp. The United States alleges that as a result of the foregoing Covered Conduct, Omnicare knowingly caused false and/or fraudulent claims for Aranesp to be submitted to Medicare, Medicaid, and other Federal health care programs.

2

F. This Settlement Agreement is made in compromise of disputed claims. This Settlement Agreement is neither an admission of liability by Omnicare nor a concession by the United States that its claims are not well founded.

G. Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relator's reasonable expenses, attorneys' fees and costs.

H. To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

TERMS AND CONDITIONS

1. Omnicare shall pay to the United States and the Medicaid Participating States, collectively, the sum of Four Million, One Hundred Ninety Thousand Dollars ($4,190,000), plus accrued interest on the Settlement Amount at a rate of 2.125% per annum from November 20, 2013, continuing until and including the day the payment is made (the "Settlement Amount"). The Settlement Amount shall constitute a debt immediately due and owing to the United States and the Medicaid Participating States on the Effective Date of this Agreement. This debt shall be discharged by payments to the United States and the Medicaid Participating States, under the following terms and conditions:

    a. Omnicare shall pay the United States the sum of $2,340,737.44 plus accrued interest at the rate of 2.125% per annum from November 20, 2013, continuing until and including the payment is made (the "Federal Settlement Amount"). The Federal Settlement Amount shall be paid no later than one (1) business day after this Agreement is fully

3

executed by the Parties and delivered to Omnicare's attorneys. The Federal Settlement Amount shall be paid by electronic funds transfer pursuant to written instructions to be provided by the Civil Division of the United States Department of Justice.

    b.    Omnicare shall pay the Medicaid Participating States the sum of $1,849,262.56 plus accrued interest in accordance with the Medicaid State Settlement Agreements (the "Medicaid Participating State Settlement Amount"). The Medicaid Participating State Settlement Amount shall be paid by electronic funds transfer to the New York State Attorney General's National Global Settlement Account pursuant to written instructions from the NAMFCU Negotiating Team and under the terms and conditions of the Medicaid State Settlement Agreements that Omnicare will enter into with the Medicaid Participating States.

2.    Conditioned upon the United States receiving the Settlement Amount from Omnicare and as soon as feasible after receipt, the United States shall pay $397,925, plus accrued interest at the rate of 2.125% per annum to Relator by electronic funds transfer.

3.    Omnicare agrees to pay Relator's reasonable attorneys' fees and costs in connection with the Civil Action to Relator's counsel by electronic funds transfer pursuant to a separate, written agreement between Omnicare and Relator and Relator's Attorneys ("Attorneys' Fees and Costs Agreement").

4.    Subject to the exceptions in Paragraph 9 (concerning excluded claims) below, and conditioned upon Omnicare's full payment of the Settlement Amount, the United States

4

releases Omnicare, together with its current and former parent corporations, divisions, direct and indirect subsidiaries, successors, transferees, heirs, and assigns, and its current and former directors, officers, and employees, individually and collectively, (collectively, the "Omnicare Entities") from any civil or administrative monetary claim the United States has or may have for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; any statutory provision creating a cause of action for civil damages or civil penalties for which the Civil Division of the Department of Justice has actual and present authority to assert and compromise pursuant to 28 C.F.R. Part 0, Subpart I, 0.45(d); and the common law theories of payment by mistake, unjust enrichment, and fraud.

5.      Subject to the exceptions in Paragraph 9 below, and conditioned upon Omnicare's full payment of the Settlement Amount, Relator, for himself and for his heirs, successors, attorneys, agents, and assigns, releases the Omnicare Entities from any civil monetary claim Relator has or may have on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733, and from all liability claims, demands, actions or causes of action whatsoever, whether known or unknown, fixed of contingent, in law or in equity, in contract or in tort, under any federal or state statute or regulation, or in common law, that Relator, his heirs, successors, attorneys, agents, and assigns otherwise would have standing to bring as of the date of this Agreement, including any liability to Relator arising from or relating to the claims Relators asserted or could have asserted in the Civil Action.

6.      OIG-HHS expressly reserves all rights to institute, direct, or to maintain any administrative action seeking exclusion against Omnicare and/or its officers, directors, and

5

employees from Medicare, Medicaid, and all other Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f)) under 42 U.S.C. § 1320a-7(a) (mandatory exclusion), or 42 U.S.C. § 1320a-7(b) or 42 U.S.C. § 1320a-7a (permissive exclusion).

7. In consideration of the obligations of Omnicare set forth in this Agreement, and conditioned upon Omnicare's full payment of the Settlement Amount, DHA agrees to release and refrain from instituting, directing, or maintaining any administrative action seeking exclusion from the TRICARE Program against Omnicare under 32 C.F.R. § 199.9 for the Covered Conduct, except as reserved in Paragraph 9 (concerning excluded claims), below, and as reserved in this Paragraph. DHA expressly reserves authority to exclude Omnicare from the TRICARE Program under 32 C.F.R. §§ 199.9 (f)(1)(i)(A), (f)(1)(i)(B), and (f)(1)(iii), based upon the Covered Conduct. Nothing in this Paragraph precludes DHA or the TRICARE Program from taking action against entities or persons, or for conduct and practices, for which claims have been reserved in Paragraph 9, below.

8. OPM expressly reserves all rights to institute, direct, or to maintain any administrative action seeking debarment against Omnicare from the FEHBP under 5 U.S.C. § 8902a(b) (mandatory debarment), or (c) and (d) (permissive debarment).

9. Notwithstanding the releases given in Paragraph 4 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

   a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

   b. Any criminal liability;

c. Except as explicitly stated in this Agreement, any administrative liability, including mandatory or permissive exclusion from Federal health care programs;

d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e. Any liability based upon obligations created by this Agreement;

f. Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

g. Any liability for failure to deliver goods or services due; or

h. Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct.

10. Relator and his heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Conditioned upon Relator's receipt of the payment described in Paragraph 2, Relator and his heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

11. Relator, for himself, and for his heirs, successors, attorneys, agents, and assigns, releases Omnicare, and its officers, agents, and employees, from any liability to

Relator arising from the filing of the Civil Action, or under 31 U.S.C. § 3730(d), for expenses or attorneys' fees and costs.

12. Omnicare waives and shall not assert any defenses Omnicare may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

13. Omnicare fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Omnicare has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

14. The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier), TRICARE or FEHBP carrier or payor, or any state payer, related to the Covered Conduct; and Omnicare agrees not to resubmit to any Medicare contractor, TRICARE or FEHBP carrier or payor, or any state

8

payer any previously denied claims related to the Covered Conduct, and agrees not to appeal any such denials of claims.

15. Omnicare agrees to the following:

a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Omnicare, its present or former officers, directors, employees, shareholders, and agents in connection with:

(1) the matters covered by this Agreement,

(2) the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

(3) Omnicare's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorneys' fees);

(4) the negotiation and performance of this Agreement; and

(5) the payment Omnicare makes to the United States pursuant to this Agreement and any payments that Omnicare may make to Relator, including costs and attorneys' fees.

b. Future Treatment of Unallowable Costs: Unallowable Costs shall be separately determined and accounted for by Omnicare, and Omnicare shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost

9

statement, information statement, or payment request submitted by Omnicare or any of its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

c. Treatment of Unallowable Costs Previously Submitted for Payment: Omnicare further agrees that within 90 days of the Effective Date of this Agreement it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Omnicare or any of its subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. Omnicare agrees that the United States, at a minimum, shall be entitled to recoup from Omnicare any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Omnicare or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on Omnicare or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.

10

d.    Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Omnicare's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

16.    This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 17 (waiver for beneficiaries paragraph), below.

17.    Omnicare agrees that it waives and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

18.    Upon receipt of the payment described in Paragraph 1, above, the Parties shall promptly sign and file a Joint Stipulation of Dismissal of all claims against Omnicare that are asserted in *United States et al., ex rel. Frank Kurnik v. Amgen, Inc., et al.,* Civil Action No. 3:11-cv-01464-JFA, pursuant to Federal Rule of Civil Procedure 41(a)(1); such dismissal shall be with prejudice as to all claims asserted by Relator against Omnicare, and without prejudice as to the United States, except with respect to claims for the Covered Conduct, which shall be dismissed with prejudice.

19.    Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

20.    Each Party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

21.    This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District

11

Court for the District of South Carolina. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

22. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

23. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

24. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

25. This Agreement is binding on Omnicare's successors, transferees, heirs, and assigns.

26. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

27. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

28. This Agreement is effective on the date of signature of the last signatory to the Agreement ("Effective Date of this Agreement"). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

**THE UNITED STATES OF AMERICA**

DATED: 2/27/2014    BY: _____
JEFFREY WERTKIN
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice


DATED: 2/26/2014    BY: _____
FRANCES TRAPP
Assistant United States Attorney
District of South Carolina


DATED: _____    BY: _____
ROBERT K. DECONTI
Assistant Inspector General for Legal Affairs
Office of Counsel to the
  Inspector General
Office of Inspector General
United States Department of
  Health and Human Services


DATED: _____    BY: _____
PAUL J. HUTTER
General Counsel
Defense Health Agency
United States Department of Defense


DATED: _____    BY: _____
LLOYD V. WILLIAMS
Deputy Director for Federal Employee
Insurance Operations
United States Office of Personnel Management


13

## THE UNITED STATES OF AMERICA

DATED:             BY: _____

                                     JEFFREY WERTKIN
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice

DATED:             BY: _____

                                     FRANCES TRAPP
Assistant United States Attorney
District of South Carolina

DATED: 2/3/14      BY: *Robert K. DeConti*

                                     ROBERT K. DECONTI
Assistant Inspector General for Legal Affairs
Office of Counsel to the
  Inspector General
Office of Inspector General
United States Department of
  Health and Human Services

DATED: _____ BY: _____

                                     PAUL J. HUTTER
General Counsel
Defense Health Agency
United States Department of Defense

DATED: _____ BY: _____

                                     LLOYD V. WILLIAMS
Deputy Director for Federal Employee
Insurance Operations
United States Office of Personnel Management

## THE UNITED STATES OF AMERICA


DATED:                              BY: _____
                                    JEFFREY WERTKIN
                                    Trial Attorney
                                    Commercial Litigation Branch
                                    Civil Division
                                    United States Department of Justice


DATED:                              BY: _____
                                    FRANCES TRAPP
                                    Assistant United States Attorney
                                    District of South Carolina


DATED: _____             BY: _____
                                    ROBERT K. DECONTI
                                    Assistant Inspector General for Legal Affairs
                                    Office of Counsel to the
                                     Inspector General
                                    Office of Inspector General
                                    United States Department of
                                     Health and Human Services


DATED: ¹/26\14                     BY: _____
                                    PAUL J. HUTTER
                                    General Counsel
                                    Defense Health Agency
                                    United States Department of Defense


DATED: _____             BY: _____
                                    LLOYD V. WILLIAMS
                                    Deputy Director for Federal Employee
                                    Insurance Operations
                                    United States Office of Personnel Management


13

**THE UNITED STATES OF AMERICA**

DATED: BY: _____

JEFFREY WERTKIN
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice


DATED: BY: _____

FRANCES TRAPP
Assistant United States Attorney
District of South Carolina


DATED: _____ BY: _____

ROBERT K. DECONTI
Assistant Inspector General for Legal Affairs
Office of Counsel to the
  Inspector General
Office of Inspector General
United States Department of
  Health and Human Services


DATED: _____ BY: _____

PAUL J. HUTTER
General Counsel
Defense Health Agency
United States Department of Defense


DATED: **JAN 27 2014** BY: _____

LLOYD V. WILLIAMS
Deputy Director for Federal Employee
Insurance Operations
United States Office of Personnel Management


13

## OMNICARE, INC. - DEFENDANT

DATED: _2/26/14_     BY: _____
                         ALEXANDER KAYNE
                         General Counsel
                         Omnicare, Inc.

DATED: _2/27/14_     BY: _____
                         BRIEN O'CONNOR
                         Counsel for Omnicare, Inc.

## FRANK KURNIK - RELATOR

DATED:_____ BY: _____
                         FRANK KURNIK
                         Relator

DATED:_____ BY: _____
                         RUEBEN GUTTMAN
                         Counsel for Frank Kurnik

DATED:_____ BY: _____
                         RICHARD HARPOOTLIAN
                         Counsel for Frank Kurnik

14

## OMNICARE, INC. - DEFENDANT

DATED: _____        BY: _____
                              ALEXANDER KAYNE
                              General Counsel
                              Omnicare, Inc.

DATED: _____        BY: _____
                              BRIEN O'CONNOR
                              Counsel for Omnicare, Inc.

## FRANK KURNIK - RELATOR

DATED: 2-22-14 BY: _____
                              FRANK KURNIK
                              Relator

DATED 2-27-14 BY: _____
                              RUEBEN GUTTMAN
                              Counsel for Frank Kurnik

DATED: 2-27-14 BY: _____
                              RICHARD HARPOOTLIAN
                              Counsel for Frank Kurnik

14