UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATES OF CALIFORNIA, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WISCONSIN, THE DISTRICT OF COLUMBIA, and the CITY OF CHICAGO | : : : : : : : : : : : : : CASE NO. 3:11-cv-01464-JFA : : |
| Plaintiffs, | : : |
| *ex rel.* | : : |
| FRANK KURNIK | : : |
| Relator, | : : |
| v. | : : |
| AMEGEN, *et al.* | : : |
| Defendants. | : : |

**Relator Kurnik's Responses to Local Civil Rule 26.03**

Relator Frank Kurnik, through counsel, hereby submits the following initial disclosures

as required under Local Civil Rule 26.03:

**Local Civil Rule 26.03(A)(1):** A short statement of the facts of the case.

**Response:**

Defendants PharMerica Corp. ("PharMerica") and Kindred Healthcare, Inc. ("Kindred") submitted and/or caused to be submitted false claims for payment in violation of the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.* ("FCA") and analogous state and municipal false

1

claims statutes by conspiring with Amgen, Inc. ("Amgen") and/or aiding and abetting its unlawful conduct, which included, but was not limited to:

- the payment of rebates and other undisclosed financial incentives to long term care pharmacies, including Defendants PharMerica and Kindred, to induce doctors to switch patients from Procrit to Aranesp in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b);

- the payment of physicians, nurses and other healthcare professionals to promote and prescribe Aranesp for on-label and off-label uses in violation of violating the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b) and the Stark Law, 42 U.S.C. § 1395nn and 42 C.F.R. §§ 411.350 *et seq.*;

- the misbranding, including off-label marketing, of the anemia drug Aranesp in violation of the Food Drug and Cosmetic Act ("FDCA") 21 U.S.C. §§ 331-(a)-(b), 352 (a), (f); and

- the manipulation of medical education ("CME") programs and other health care education programs to unlawfully increase prescriptions of Aranesp at the Government's expense.

On April 16, 2013, Amgen, Inc. ("Amgen") settled the allegations contained within the Complaint. On February 27, 2014, Defendant Omnicare Inc. ("Omnicare"), a long term care pharmacy provider, also settled the allegations contained in the Complaint. Claims against Defendants PharMerica Corporation ("PharMerica") and Kindred Healthcare, Inc. ("Kindred"), who were or are engaged in providing long term care pharmacy services to nursing homes that treated patients with the prescription drug Aranesp, still remain.

**Local Rule 26.03(A)(2):** The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**Response:**

Relator Frank Kurnik is likely to be called as a witness and is expected to testify about the facts alleged in his Complaint.

One or more Amgen "Core Team" managers from Amgen are likely to be called as witnesses and expected to testify about the misbranding of Aranesp and the development and implementation of rebate contracts and switching programs with the Defendants. *See*, Complaint ¶ 78 (several individuals are identified).

One or more PharMerica managers are likely to be called as witnesses and expected to testify about the misbranding of Aranesp and the development and implementation of rebate contracts and switching programs with Amgen. *See*, Complaint ¶ 92 (several individuals are identified).

One or more Kindred managers are likely to be called as witnesses and expected to testify about the misbranding of Aranesp and the development and implementation of rebate contracts and switching programs with Amgen.  *See*, Complaint ¶ 99 (several individuals are identified).

One or more nursing home physicians and/or nurses who were involved in the implementation of Aranesp Therapeutic Interchange Programs or switching programs implemented by the Defendants.

One or more physicians paid by the Defendants to promote Aranesp and/or advocate that the drug be placed on the Defendants' formularies.

Other individuals identified during the litigation of this matter.

**Local Civil Rule 26.03(A)(3): The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

At this time, Relator has not identified any experts or subject matters that may require an expert opinion.  Relator reserves the right to identify experts consistent with the Court's deadline for doing so.

**Local Civil Rule 26.03(A)(4):** A summary of the claims or defenses with statutory and/or case citations supporting the same.

**Response:**

By virtue of violations of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b); the Stark Law, 42 U.S.C. § 1395nn and 42 C.F.R. §§ 411.350 *et seq.*; the Food Drug and Cosmetic Act ("FDCA") 21 U.S.C. §§ 331-(a)-(b), 352 (a), (f), and the resulting submissions of non-reimbursable claims described in detail in the Complaint, Defendants knowingly presented, or caused to be presented false or fraudulent claims for improper payment or approval of prescriptions for Aranesp in violation of the FCA. 31 U.S.C. §§ 3729 *et seq. See*, *United States ex rel. Franklin v. Parke–Davis*, 147 F.Supp.2d 39, 54 (D.Mass.2001); *U.S. ex rel. Drakeford v. Tuomey*, 2013 WL 5503695 (D.S.C. Oct. 2, 2013); Medicare and State Health Care Programs: Fraud and Abuse; Clarification of the OIG Safe Harbor Anti–Kickback Provisions, 59 Fed. Reg. 37202, 37203 (July 21, 1994).

The False Claims Act (FCA) provides, in relevant part, that:

> any person who--(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; (C) conspires to commit a violation…

* * *

3

is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 10[1]-410), plus 3 times the amount of damages which the Government sustains because of the act of that person.

31 U.S.C. § 3729(a)(1).  The United States, unaware of the falsity or fraudulent nature of the claims that Defendants caused, paid for claims that otherwise would not have been allowed. By reason of these payments, the United States has been damaged, and continues to be damaged in a substantial amount.

**Local Rule 26.03(A)(5):** Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02: (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and (b) Completion of discovery.

**Response:**  The Court's Scheduling Order provides deadlines for expert disclosures and the completion of discovery.

**Local Rule 26.03(A)(6):** The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. *See, generally*, Local Civil Rule 16.02(C) (Content of Scheduling Order).

**Response:**  Relator is not aware of any special circumstances at this time.

**Local Civil Rule 26.03(A)(7):** The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**Response:** Not applicable.

Respectfully submitted by:

s/Richard A. Harpootlian
Richard A. Harpootlian (Fed. ID # 1730)
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street
Post Office Box 1090
Columbia, SC 29202
Telephone: 803- 252-4848
Facsimile:  803-252-4810
rah@harpootlianlaw.com

Reuben A. Guttman*
Traci Buschner*
GRANT  & EISENHOFER P.A.

1747 Pennsylvania Ave., NW, Suite 875
Washington, DC  20006
Telephone: 202-386-9500
Facsimile:  202-386-9505
rguttman@gelaw.com
tbuschner@gelaw.com

Jay W. Eisenhofer*
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: 646-722-8500
Facsimile:  646-722-8501
jeisenhofer@gelaw.com

Justin K. Victor*
GRANT & EISENHOFER P.A.
1201 N. Market Street
Wilmington, DE 19801
Telephone: 302-622-7053
Facsimile: 302-622-7055
jvictor@gelaw.com

Attorneys for Relator Frank Kurnik


* Motion for *pro hac vice* admission to
follow shortly.


DATED:  April 7, 2014