IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, *et al.*, | C/A No. 3:11-cv-01464-JFA |
| Plaintiffs, | |
| *Ex rel.* | |
| Frank Kurnik | **ORDER** |
| Plaintiff-Relator, | |
| vs. | |
| PharMerica Corp; and Kindred Healthcare Inc., | |
| Defendants. | |

This matter comes before the Court on a motion to reconsider filed by PharMerica Corp. and Kindred Healthcare Inc. (collectively "Defendants") pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. ECF No. 203. Specifically, the Defendants move this Court to reconsider its Order dated April 2, 2015, ECF No. 200, which denied the Defendants' motion to dismiss.

As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the Court will treat this motion as a Rule 54(b) motion to revise its order. Pursuant to Rule 54(b), the Court retains the power to reconsider and modify its interlocutory judgments. *Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514–15 (4th Cir. 2003). While the Fourth Circuit Court of Appeals has offered little guidance on the evaluation standard, it has held that motions under Rule 54(b) are "not subject to the restrictive standards" of motions under Rule 60. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir.

1

1991) (finding it "unnecessary to thoroughly express [its] views on the interplay of Rules 60, 59, and 54").  Thus, the Court turns to cases involving Rule 59 for guidance.

A court's reconsideration under Rule 59 "is an extraordinary remedy that should be applied sparingly."  *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997). Accordingly, the Fourth Circuit has held that a court should grant a motion to reconsider only when (1) an intervening change in controlling law occurs; (2) additional evidence not previously available has been presented; or (3) the prior decision was based on clear error or would work manifest injustice.  *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).  As a result, Rule 59 motions are neither an opportunity "to make arguments that could have been made before the judgment was entered," *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002), nor a chance to rehash issues already ruled upon because a party disagrees with the result.  *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).  A party's mere disagreement with a court's ruling does not warrant a Rule 59(e) motion.  *Paul v. S. Carolina Dep't of Transp.*, No. CA 3:12-1036-CMC-PJG, 2013 WL 1182591, at *1 (D.S.C. Mar. 21, 2013).

In short, the Defendants argue that the Court, in denying their motion to dismiss:  (1) created a new exception to the first-to-file rule under the False Claims Act (the "FCA"); (2) relied on a case that was incorrectly decided; and (3) disregarded the statutory process for bringing an FCA claim.  However, in the view of this Court, Defendants' motion fails to meet any of the requirements under Rule 59, presenting neither new controlling law, nor new evidence, nor a clear legal error of this Court.  Having reviewed the pleadings related to this motion, the Court finds that further oral argument will not aid in its decision-making process. Accordingly, the Defendants' motion to reconsider is denied.

Defendants have also moved to have this Court certify its decision on the motion to

dismiss for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  After considering the matter, and especially in light of the fact that the Fourth Circuit generally prefers to have cases presented on appeal after a thorough development of the factual record, the Court declines to certify this matter for interlocutory appeal.

    IT IS SO ORDERED.

May 6, 2015                                Joseph F. Anderson, Jr.
Columbia, South Carolina           United States District Judge