IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, *et al.*, | C/A No. 3:11-cv-01464-JFA |
| Plaintiffs, | |
| *Ex rel.* | |
| Frank Kurnik | **ORDER** |
| Plaintiff-Relator, | |
| v. | |
| PharMerica Corp; and Kindred Healthcare Inc., | |
| Defendants. | |

This matter comes before the Court on a motion to reconsider filed by PharMerica Corp. and Kindred Healthcare Inc. (collectively "Defendants"), ECF No. 233. Specifically, the Defendants move this Court to reconsider its Order dated May 28, 2015, ECF No. 231, which granted in part and denied in part Defendants' motion for a protective order, ECF No. 208. The May 28, 2015 Order reconvened the 30(b)(6) depositions of Defendants' corporate designees and directed the designees to answer Relator Kurnik's questions concerning the documents that were reviewed in preparation for the 30(b)(6) deposition(s) and all reasonable follow-up questions. The May 28, 2015 Order also appoints a special referee to preside over the reconvened depositions.

As motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the Court will treat this motion as a Rule 54(b) motion to revise its order. Pursuant to Rule 54(b), the Court retains the power to reconsider and modify its interlocutory judgments.

1

*Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514–15 (4th Cir. 2003). While the Fourth Circuit Court of Appeals has offered little guidance on the evaluation standard, it has held that motions under Rule 54(b) are "not subject to the restrictive standards" of motions under Rule 60. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (finding it "unnecessary to thoroughly express [its] views on the interplay of Rules 60, 59, and 54"). Thus, the Court turns to cases involving Rule 59 for guidance.

A court's reconsideration under Rule 59 "is an extraordinary remedy that should be applied sparingly." *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997). Accordingly, the Fourth Circuit has held that a court should grant a motion to reconsider only when (1) an intervening change in controlling law occurs; (2) additional evidence not previously available has been presented; or (3) the prior decision was based on clear error or would work manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). As a result, Rule 59 motions are neither an opportunity "to make arguments that could have been made before the judgment was entered," *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002), nor a chance to rehash issues already ruled upon because a party disagrees with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001). A party's mere disagreement with a court's ruling does not warrant a Rule 59(e) motion. *Paul v. S. Carolina Dep't of Transp.*, No. CA 3:12-1036-CMC-PJG, 2013 WL 1182591, at *1 (D.S.C. Mar. 21, 2013).

In short, the Defendants argue that the Court based its decision on a clear error of law when it denied the motion for a protective order, which, as the Defendants contend, allows for the disclosure of "opinion work product"—particularly, disclosing the documents chosen by Defendants' counsel to prepare the corporate designees.[1] In the alternative, the Defendants argue

---

[1] The documents at issue here were not created in anticipation of litigation; instead, these

that they will suffer manifest injustice if required to involuntarily waive the attorney work-product privilege.

The Court disagrees with Defendants' assertion that it committed a clear error or that Defendants will suffer manifest injustice if directed to (1) reconvene the 30(b)(6) depositions, and (2) answer questions regarding the documents reviewed in preparation for the depositions. Defendants' motion fails to meet the other requirements under Rule 59 by failing to present either new controlling law, or new evidence. Having reviewed the pleadings related to this motion, the Court finds that further oral argument will not aid in its decision-making process. Accordingly, the Defendants' motion to reconsider, ECF No. 233, is denied.

IT IS SO ORDERED.

June 15, 2015
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

documents were a subset, gathered by Defendants' counsel, from the 376,675 pages of documents that Defendants produced to Relator Kurnik.