IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ex rel. Frank Kurnik, et al., | C.A. No.  3:11-cv-1464- JFA |
| Plaintiffs, | |
| vs. | **MOTION FOR EXPEDITED HEARING TO DETERMINE AMOUNT AND VALIDITY OF LIEN AND REQUEST FOR DOCUMENTS** |
| Pharmerica Corp., Pharmerica Corp., Successor in interest to Pharmerica, Inc. and Kindred Healthcare, Inc. | |
| Defendants. | |

Plaintiff, Frank Kurnik, through his undersigned counsel, hereby makes and files this motion for an expedited hearing to determine the validity and amount of the attorneys' charging lien filed by Grant & Eisenhofer (G&E) against "any recovery in this action for the payment of attorneys' fees and the reimbursement of costs and disbursements." [Dkt. 228]. Plaintiff also seeks an order requiring G&E to immediately file a verified statement of unreimbursed fees and costs with the Court, to produce back up documentation to Kurnik and to produce an accounting to Kurnik of all payments, including but not limited to fees and expenses, received by G&E from prior settlements in this case with Defendants Amgen and Omnicare.

 Plaintiff submits the following in support of this Motion:

1.  On December 22, 2010, Kurnik and G&E entered into written agreement where G&E agreed to represent Kurnik in a qui tam action under 31 United States Code §§3729, 3730 and State law False Claims Acts against various pharmaceutical companies

regarding rebate contracts the pharmaceutical companies entered into with Amgen, Inc. (Amgen) for the drug Aranesp.

2.  The agreement provided that G&E would receive all Court awarded attorneys' fees plus forty percent (40%) of any "bounty" money awarded to Kurnik as the "whistleblower."

3.  On June 14, 2011, G&E filed a complaint under seal on behalf of the United States and various States against the following: Amgen,  Omnicare Inc., (Omnicare), Kindred Healthcare, Inc. (Kindred) and PharMerica Corp.(PharMerica).

4.  The United States intervened in the case against Defendants Amgen and Omnicare

5.  The United States and various States reached a settlement with Defendant Amgen in or about April 2013 and with Defendant Omnicare in or about February 2014.

6.  G&E received an attorneys' fee award and reimbursement of costs from both Amgen and Omnicare as part of the settlements.

7.  G&E also received forty percent (40%) of the bounty awarded to Kurnik as additional attorneys' fees from these two settlements.

8.  The United States filed a notice of election with this Court on November 20, 2013, choosing not to intervene in the claims against Defendants Kindred and PharMerica [Dkt. 53].

9.  On or about January 31, 2014, Defendants Kindred and PharMerica were served with the Complaint. [Dkt.66].

10. From the inception of this case, Reuben Guttman was the attorney with whom Kurnik had a personal and direct attorney-client relationship. Mr. Guttman, and former G&E senior counsel Traci Buschner and associate Justin Brooks were primarily responsible

for prosecuting this qui tam action, along with Richard A. Harpootlian and his firm Richard A. Harpootlian, P.A.

11. The employment relationship between G&E and Guttman, Buschner, and Brooks was terminated in April, 2015 when Guttman informed G&E that he intended to leave the firm at the end of the year. Mr. Guttman provided a long notice period with the goal of completing this case and other cases with minimal disruption. After advising G&E of his intent, G&E terminated him amidst the parties' efforts to complete a tight discovery schedule and with the full knowledge that Guttman had taken all or most of the depositions and argued significant motions and was preparing to take additional depositions.

12. On April 21, 2015, Kurnik discharged G&E as his attorneys and retained Guttman to represent him to prosecute the claims against PharMerica and Kindred.

13. To the extent G&E has a claim for attorneys' fees, as a discharged law firm, G&E's claim is based upon the equitable remedy of quantum meruit.[1]

14. G&E through counsel filed a "Notice of Attorneys Charging Lien" on May 15, 2015 with this Court [Dkt. 228]. This Notice does not state the amount of G&E's purported lien.

15. Traci Buschner who, when she was employed by G&E, was responsible for tracking the attorneys' fees and costs incurred by G&E on federal qui tam litigation printed a report from G&E's internal time and expense recording data system of unreimbursed

---

[1] This filing notes the reservation of the right to raise all equitable defenses to any recovery, specifically including matters that relate directly to G&E and its managing partner's conduct with regard to this particular case.

time and expenses G&E had incurred as of March 31, 2015 in this case. A true and accurate copy of this report is attached as Exhibit 1.

16. According to the internal accounting records, G&E has unreimbursed fees of $431,931 and expenses of $61,513 as of March 31, 2015, for a total claim of $493,444. *Id.*

17. Upon receiving the Notice of Lien, Richard Harpootlian contacted G&E in an attempt to determine the amount of the lien being claimed by G&E through April 21, 2015, the date Kurnik terminated the firm.

18. Thereafter, in a letter of May 18, 2015, G&E director Jim Sabella notified Harpootlian that as of April 21, 2015 G&E has unreimbursed fees of $992,426 and expenses of $222,286 for a total claim of $1,214,712 [Sabella Ltr., Exhibit 2]

19. In a follow up conversation with G&E's outside counsel, Harpootlian expressed shock and dismay that G&E would claim an approximately $700,000 increase in fees and costs over a three week period from April 1 through April 21.

20. Following Harpootlian's skeptical questioning, G&E's outside counsel sent a letter dated July 29, 2015 stating that after carefully reviewing the firm's billing and accounting records, G&E determined that the total fees were $1,696,784.50 and disbursements were $199,517.87, for a total claim of $1,896,302.37. [Harris Ltr, Exhibit 3].

21. In the July 29, 2015 letter, G&E's outside counsel admits that G&E backed-out the amount of attorneys' fees it previously received from Kurnik's portion of the bounty awards from the prior settlements to increase the fee amount.  Specifically, counsel states "[t]he numbers that had previously been provided to you erroneously applied bounty payments received by the Firm to reduce the amount of attorneys' fees. There

should have been no reduction." *Id.* at fn. 1 G&E cannot receive double payment for the same work from Kurnik under the equitable doctrine of quantum meruit.

22. Moreover, despite repeated requests, G&E has refused to provide detail time entries or back up documentation supporting their costs claim. [Griffin Ltr. dated June 9, 2015, Exhibit 4,  Griffin Ltr. Dated June 12, 2015, Exhibit 5, Griffin Ltr. dated July 1, 2015 Exhibit 6, Griffin Ltr. dated July 22, 2014 Exhibit 7].

23. However, the summary records produced by G&E raise significant concerns. For example, G&E has grossly inflated its fees, including by billing document review attorneys who just graduated from law school at a purported hourly rate of $375.00 per hour and assigning a putative billing rate of $850.00 per hour to a medical consultant who G&E paid a fixed monthly fee of $5,000 for her consultation on numerous cases for G&E.[2]

24. Kurnik's current counsel Harpootlian and Guttmann and members of Guttman, Buschner & Brooks, are negotiating a final settlement agreement of all claims against PharMerica and Kindred, including the claims for statutory attorneys' fees.

25. However, Kurnik's counsel cannot in good faith rely upon G&E's current claim of fees and costs of $1,896,302.37 in negotiations because the discrepancy of approximately $1.4 million between the unreimbursed fees and costs reflected in G&E's internal accounting system as of March 31, 2015 and the current claim.

---

[2] Although Dr. Caroline Poplin has a law degree, Dr. Poplin was hired as a consultant for her medical expertise, was on a retainer for $5,000 a month at G&E, did not receive hourly compensation at G&E, and, upon information and belief, G&E did not use a putative billing rate of $850.00 per hour for Dr. Poplin in the settlements with Amgen and Omnicare in this case.

26. Furthermore, G&E's refusal to provide detail support for its claim of fees and costs only increases the doubts as to the veracity of the most recent claim of fees and costs.

27. This Court previously entered a *Rubin* Order on August 18, 2015 giving the parties 45 days to consummate the settlement that has been agreed upon. [Dkt. 251]. This order has extended for an additional 30 days on October 7, 2015. [Dkt. 254].

28. The undersigned are unable to reach a resolution of the statutory attorneys' fees and costs claims with Defendants until the amount of G&E's lien is determined. As a result, counsel request the Court conduct an expedited hearing so that the parties may comply with the extended deadlines provided in the Court's *Rubin* Order.

Kurnik therefore requests the Court conduct an evidentiary hearing to determine the validity[3] and extent of G&E's charging lien and order G&E to produce within 10 days:

a. A verified statement of unreimbursed fees and costs incurred in this matter for which G&E claims under the lien filed with the Court;

b. Detailed time and expense records, including receipts, for the amount of fees and expenses claimed; and

c. An accounting of fees and expenses received by G&E from the prior settlements with Amgen and Omnicare.

---

[3] Under South Carolina law, an attorneys' charging lien is limited to out of pocket costs, unless the fee agreement specifically provides for a lien on the proceeds from a judgment or settlement. *See In Re: Varat Enterprises, Inc.*, 81 F.3d 1310 (4th Cir. 1996); *Eleazer v. Hardaway Concrete Co.*, 281 S.C. 344, 315 S.E.2d 174 (1984)

Respectfully submitted.

*/s/ Richard Harpootlian*
Richard A. Harpootlian, Fed. ID 1730
rah@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street
P.O. Box 1090 (29201)
Columbia, SC 29202
Tel. 803.252.4848
Fax 803.252. 4810

Reuben A. Guttman*
rguttman@gbblegal.com
Traci L. Buschner*
tbuschner@gbblegal.com
GUTTMAN, BUSCHNER & BROOKS PLLC
1625 Massachusetts Avenue, N.W., Suite 500
Washington, DC 20006
Tel. 202.386.9500
Fax 202.386-9505

Attorneys for Plaintiff-Relator Frank Kurnik

*Admitted *pro hac vice*

October 19, 2015